## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

STEPHANIE RODRIGUEZ,        )
                               )
      **Plaintiff,**          )
                               )
**v.**                        )        **Case No. CIV-18-425-STE**
                               )
**NANCY A. BERRYHILL, Acting**   )
**Commissioner of the Social Security** )
**Administration,**            )
                               )
      **Defendant.**         )

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.     PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 18-38). The Appeals Council denied Plaintiff's

request for review. (TR. 5-8). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.     THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her application date of May 19, 2015. (TR. 20). At step two, the ALJ determined Ms. Rodriguez had the following severe impairments: major depression, agoraphobia, anxiety, panic attacks, morbid obesity, and a severely impaired left knee. (TR. 20). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 28).

At step four, the ALJ concluded that Ms. Rodriguez had no past relevant work, but had retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except can perform simple and some complex tasks with little or no complex or independent planning or goal setting involving no interaction with the general public. This person will do best working with things and data rather than people.

(TR. 30, 36). At the administrative hearing, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 78). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 79). At step five, the ALJ adopted the testimony of the VE and concluded that Ms. Rodriguez was not disabled based on her ability to perform the identified jobs. (TR. 37).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Plaintiff alleges: (1) the ALJ erred in evaluating the opinion from a consultative physician; (2) the ALJ erred in evaluating the opinion from a treating physician; and (3) lack of substantial evidence to support the RFC.

## V. DR. WALLACE'S OPINION

On September 14, 2015, Dr. Julie Wallace performed a consultative mental status examination of Ms. Rodriguez. (TR. 304-307). Dr. Wallace diagnosed Plaintiff with chronic, moderate major depressive disorder; and anxiety disorder with panic attacks and agoraphobia. (TR. 307). As part of her findings, Dr. Wallace stated: "It is recommended that [Plaintiff] seek counseling but it is also understood that she is unlikely to go because of her Agoraphobia. She is currently unable to be consistent in work related activities because of her intense fear of leaving home and panic attacks." (TR. 307).

At step four, the ALJ noted Dr. Wallace's recommendation that Ms. Rodriguez seek counseling, but stated that Dr. Wallace "had determined that claimant was unlikely to go due to agoraphobia (considered as intense fear of leaving her house and panic attacks[)]." (TR. 36). The ALJ failed to mention, however, that Dr. Wallace's discussion of Plaintiff's agoraphobia not only concerned her ability to attend counseling, but also directly impacted her ability to perform work-related activities. *See* TR. 307 (Dr. Wallace's findings that Plaintiff was "unable to be consistent in work related activities because of her intense fear of leaving home and panic attacks.").

At step five, the ALJ determined that Plaintiff was capable of performing three jobs available in the national economy. (ECF No. 37). This determination directly conflicts with Dr. Wallace's opinion which states that Plaintiff cannot sustain any work-related activities in any job due to her agoraphobia and panic attacks. (TR. 307). But the ALJ neither: (1) acknowledged the conflict, nor (2) explained why she apparently rejected a portion of Dr. Wallace's opinions. These failures constitute legal error for two reasons. First, the ALJ's treatment of Dr. Wallace's opinion constitutes an impermissible selective review of the evidence. *See Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) (noting that the ALJ may not selectively review a medical opinion, "taking only the parts that are favorable to a finding of nondisability.") Second, although the ALJ may have had a basis for rejecting Dr. Wallace's opinion, she failed to explain her reasoning in the decision. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (noting that the ALJ's reasons stated in evaluating medical opinions must allow for meaningful appellate review); *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (remanding because the ALJ had failed to explain his apparent rejection of consulting examiner's opinion). The errors are not

harmless because they directly impact the RFC and step five findings, as discussed. *See supra*.

Plaintiff also argues that the RFC lacks substantial evidence based, in part, on the ALJ's error in evaluating Dr. Wallace's opinion. *See* ECF No. 17:11-12. The Court need not address this issue in light of the remand for reconsideration of Dr. Wallace's opinion. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI. DR. FARIS' OPINION

Dr. Kevin Faris opined that Plaintiff suffered from various physical limitations. (TR. 417-423). Plaintiff alleges the ALJ committed legal error in his evaluation of Dr. Faris' opinions and that the RFC lacked in substantial evidence. (ECF No. 17:7-11). The Court rejects Plaintiff's allegations of legal errors, but finds that the RFC indeed lacks substantial evidence. On this basis, remand is warranted.

### A. The ALJ's Duties in Evaluating Medical Opinions

Regardless of its source, the ALJ has a duty to evaluate every medical opinion in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); 20 C.F.R. § 404.1527(c). The weight given each opinion will vary according to the relationship between the claimant and medical professional. *Hamlin*, 365 F.3d at 1215. For example, in evaluating a treating physician's opinion, the ALJ must follow a two-pronged analysis. First, the ALJ must determine, then explain, whether the opinion is entitled to controlling weight. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).

This analysis, in turn, consists of two phases. First, an ALJ must consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and consistent with other substantial evidence in the record. Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188, at 2 (July 2, 1996) (SSR 96-2p) (internal quotations omitted). If controlling weight is declined, the ALJ must assess the opinion under a series of factors which are considered when assessing *any* medical opinion, regardless of its source. These factors include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Krausner v. Astrue,* 638 F.3d 1324, 1330 (10th Cir. 2011); 20 C.F.R § 416.927(c).

Although the ALJ need not explicitly discuss each factor, the reasons stated must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). If the ALJ rejects an opinion completely, he must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

Additionally, the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Dep't of Health & Human Servs.,* 13 F.3d 359, 360–61 (10th Cir. 1993). An ALJ's

duty to recontact Plaintiff's physicians or otherwise seek additional medical evidence may be triggered if the medical evidence is insufficient to determine disability. 20 C.F.R. § 404.1520b(c); *Giuliano v. Colvin*, 577 F. App'x 859, 862, n.3 (10th Cir. 2014) ("[T]he duty to recontact a doctor is triggered when the evidence is insufficient to make a proper disability determination.") (citing *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001)).

### B. Dr. Faris' Opinions and the ALJ's Related Findings

On August 18, 2016, Kevin Faris, M.D., completed a Medical Source Statement (MSS) regarding Plaintiff's physical abilities and limitations. (ECF No. 417-423). In the MSS, Dr. Faris said he had treated Plaintiff since February 2010. (TR. 417). Dr. Faris diagnosed Ms. Rodriguez with morbid obesity, low back pain, right foot plantar fasciitis, right ankle pain, and sleep apnea. (TR. 417). Dr. Faris also stated that Plaintiff tested positive on a straight-leg raising test; suffered from depression, impaired sleep, muscle weakness, reduced range of motion; and was prescribed a cane. (TR. 417). Regarding specific work-related limitations, Dr. Faris stated that Plaintiff could:

- Occasionally lift or carry up to 10 pounds;

- Sit for 30 minutes at a time, for 90 minutes total in an 8-hour workday;

- Stand and walk for 15 minutes at a time, for a total of 45 minutes in an 8-hour workday, but could only ambulate 10 feet without the use of a cane;

- Occasionally reach, handle, finger, and feel;

- Never push or pull;

- Occasionally operate foot controls;

- Never climb stairs, ramps, or scaffolds; or balance, stoop, kneel, crouch, or crawl;

- Occasionally operate a motor vehicle;

- Never work around unprotected heights, moving mechanical parts, humidity and wetness, dust, odors, fumes, and pulmonary irritants, extreme heat or cold, or vibrations;

- Tolerate moderate office noise;

- Travel without a companion for assistance; ambulate without using a wheelchair, walker, or two assistive devices;

- Not walk a block at a reasonable pace on rough or uneven surfaces;

- Not use standard public transportation;

- Care for personal hygiene, prepare simple meals, and sort or handle paper files for a limited time.

(TR. 418-423).

In the administrative decision, the ALJ recited Dr. Faris' opinions, practically verbatim,[1] then effectively rejected the opinions with this single statement: "The medical report dated August 18, 2016 by Kevin Faris, M.D., did not have any corresponding physical examination of around the same date." (TR. 35). Ms. Rodriguez argues the ALJ: (1) failed to explain the basis for rejecting the opinions, (2) erred in failing to include Dr. Faris' opinions in the RFC and (3) should have re-contacted Dr. Faris to obtain additional evidence in support of his opinions. (ECF No. 17:7-11). Ms. Rodriguez also argues that the physical RFC lacks substantial evidence. (ECF No. 17:10-11). The Court rejects Plaintiff's allegations of legal error, but finds the physical RFC lacking in substantial evidence.

First, Plaintiff argues that the ALJ failed to provide a proper explanation for rejecting Dr. Faris' MSS. (ECF No. 17:12). The Court disagrees. In evaluating any medical

---

[1] (TR. 27-28).

opinion, the ALJ is required to examine various factors. *See supra*; *Krausner v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011); 20 C.F.R § 416.927(c). Additionally, "[t]he ALJ is not required to mechanically apply all of [the regulatory] factors in a given case." *Ringgold v. Colvin*, 644 F. App'x 841, 843 (10th Cir. 2016). The key, however, is that the reason(s) must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). And finally, if the ALJ rejects an opinion completely, he must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

Here, the ALJ rejected Dr. Faris' MSS because it lacked any corresponding physical examination records in support. (TR. 35). Supportability is a factor that the ALJ properly considered when assessing Dr. Faris' opinions. *See* 20 C.F.R. § 416.927(c)(3). And the Court finds this reason a legitimate basis to support the ALJ's rejection of the MSS. *See Kester v. Barnhart*, 71 F. App'x 21, 23 (10th Cir. 2003) (noting that the ALJ properly "discounted the treating physician's opinion of claimant's physical limitations because that opinion was not supported with medical evidence in the record.").

Second, Ms. Rodriguez argues that the ALJ erred in failing to include Dr. Faris' opinions regarding Plaintiff's specific limitations in the RFC. (ECF No. 17:10-11). But because the ALJ had properly rejected Dr. Faris' opinions, the ALJ had no duty to include the limitations in the RFC. *See Miller v. Comm'r of Soc. Sec. Admin.*, No. CIV-16-919-M, 2017 WL 2389643, at *6 (W.D. Okla. May 3, 2017), *report and recommendation adopted sub nom. Miller v. Berryhill*, No. CIV-16-919-M, 2017 WL 2389716 (W.D. Okla. June 1, 2017) (noting that because "the ALJ properly rejected the treating physician's opinion

regarding Plaintiff's functional limitations . . . the ALJ's failure to include RFC limitations based on that opinion is not reversible error.")

Third, citing 20 C.F.R. § 416.912(e)(1),[2] Plaintiff argues that "the ALJ should have re-contacted [Dr. Faris] to obtain any corresponding medical records since he thought this evidence alone was inadequate[.]" (ECF No. 17:9). The Court disagrees. As Defendant points out, the current, relevant provision is 20 C.F.R. §416.920b, not 20 C.F.R. § 416.912(e)(1). *See* ECF No. 21:12, n.7. Under the former regulation, cited by Ms. Rodriguez, the Court was required to seek additional evidence to clarify the extent of a disability if the record was inadequate to determine the extent of a disability. *See* 20 C.F.R. § 416.912(e)(1) (2011). But under the current regulations, effective March 26, 2012, the duty to re-contact is discretionary, rather than mandatory. *See* 20 C.F.R. § 416.920b(c) (if the evidence is insufficient to determine disability, an ALJ "*may* recontact [a] treating physician, psychologist, or other medical source.") (emphasis added). The SSA considers evidence "insufficient" when "it does not contain all the information we need to make our determination or decision." 20 C.F.R. 416.920b. Here, the ALJ obviously deemed the evidence sufficient to render a decision. Because the regulations are discretionary, rather than mandatory, the Court finds no error in the ALJ failing to re-contact Dr. Faris.

Finally, Ms. Rodriguez argues that the RFC lacks substantial evidence in light of the ALJ's rejection of Dr. Faris' opinions. (ECF No. 17:10-11). The Court agrees. As stated, the ALJ properly rejected Dr. Faris' opinions, and owed no duty to recontact the physician

---

[2]  Plaintiff also cites 20 C.F.R. § 404.1512(e)(1), but that provision is irrelevant to Ms. Rodriguez' application for supplemental security income.

for additional evidence. *See supra*. But with the rejection of Dr. Faris' opinions, and the ALJ's treatment of the remaining evidence, the Court cannot follow the ALJ's reasoning to determine how he had concluded that Ms. Rodriguez was able to perform sedentary work. In evaluating the evidence, the ALJ:

- Discussed evidence from Dr. Megan Meier, a physician at the Oklahoma Sports and Orthopedics Institute, but did not state whether he accepted or rejected the evidence;

- Rejected Dr. Faris' opinions;

- Discussed the opinion from consulting physician, Dr. Raymond Azadgoli, but did not state whether he accepted or rejected the evidence;

- Rejected a statement from Licensed Clinical Social Worker, M. Rachelle Hardin-Moniz, who offered opinions regarding Plaintiff's mental and physical health; and

- Rejected the opinions from two state agency non-examining physicians.

(TR. 36-37). Although the ALJ rejected the state agency physicians' opinions that Ms. Rodriguez could perform light work, in lieu of a more restrictive RFC for sedentary work, he did so, owing to the fact that Plaintiff needed a cane for ambulation. *See* TR. 35 ("The undersigned finds claimant is limited to sedentary exertion considering her obesity (uses cane for ambulation)"). But the RFC itself did not accommodate Plaintiff's use of a cane,[3] which is particularly troublesome in light of SSR 96–9p, which states that "the [sedentary] occupational base for an individual who must use [an assistive] device for balance . . . may be significantly eroded. . . . [and] it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an

---

[3] (TR. 30).

adjustment to other work." Social Security Ruling 96-9p, 1996 WL 3741850, at *7 (July 2, 1996).

Because the ALJ rejected or failed to comment on the opinions which discussed Ms. Rodriguez' physical limitations, the Court cannot discern the ALJ's basis for determining Plaintiff's RFC and ultimate ability to work.

Accordingly, the Court concludes that the RFC lacks substantial evidence and on this basis remand is warranted.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on December 28, 2018.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE